## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LEO R. ZOELLE, JR.,**

      **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

**CASE NO. C2-09-619**
**JUDGE EDMUND A. SARGUS, JR.**
**MAGISTRATE JUDGE TERENCE P. KEMP**

### OPINION AND ORDER

This matter is before the Court to consider *de novo* the plaintiff's objections to a

Report and Recommendation of the Magistrate Judge recommending that judgment be entered in

favor of the Commissioner.  For the following reasons, this case is REMANDED to the

Commissioner for further findings and decision.

**I.**

Plaintiff claims disability due to problems resulting from diabetes, low back pain,

depression, bipolar disorder, and attention deficit hyperactivity disorder.  He contends in his

statement of errors that the administrative decision did not give appropriate weight to the

opinions of his treating physicians, Drs. Naum, Goggin, and Fern, each of whom rendered

opinions concluding that plaintiff did not have the physical or mental ability to work on a full-

time basis.

The Report and Recommendation rejected plaintiff's contention and

recommended that the case be decided in favor of the Commissioner.  The Magistrate Judge

concluded that the Commissioner had valid reasons for discounting, to some extent, these

doctors' opinions.  It is this conclusion to which plaintiff objects.

## II.

The parties do not dispute that Zoelle was 39 years old at the time of the hearing and had an eighth grade education.  His former employment included construction work, material handling and roofing.  He suffers from adjustment disorder, back pain, diabetes, depression, bipolar disorder, ADHD, and addiction, which has been controlled since 2002.  Further, the parties agree that these impairments prevent Zoelle from returning to any past employment.  The single issue presented is whether the Commissioner should have disregarded the opinions of the treating physicians, all three of whom agreed that Plaintiff is disabled.

The law itself is well settled on this issue.  Initially, the decision of the Commissioner must be affirmed if the conclusions are supported by substantial evidence.  42 U.S.C. § 405(g).  While the opinion of a treating physician is entitled to deference, the Commissioner may reject such testimony if the conclusions of the doctor are not supported by objective medical evidence or other sufficient grounds.  *Wilson v. Comm'r of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004).

The issue here is whether the ALJ properly rejected the opinions of three treating physicians, Drs. Naum, Goggin, and Fern, each of whom opined that the plaintiff is disabled.

Dr. Naum, a D.O., has regularly treated Zoelle since at least 2004.  Dr. Naum completed a physical capacity evaluation on June 19, 2005.  He first noted that Zoelle could not, within an eight hour day, stand, walk or sit for more than one hour per function.  He also determined that Zoelle could lift up to10 pounds "in an 8 hour work day."  (Tr. 333).  In the evaluation form sent by the Commissioner, the next question asked the physician how often such

2

amount of weight could be lifted in an eight hour day; Dr. Naum marked the box "rare."

Dr. Naum also concluded that Zoelle could not bend, squat, crawl, climb steps or ladders and was unable to reach above shoulder level. He also remarked that Zoelle's condition would deteriorate "if placed under stress, particularly stress associated with a job." (Tr. 334). Dr. Naum also noted that Zoelle was markedly limited in his abilities to complete work tasks, work in cooperation with others, accurately process information, correctly use judgment, follow instructions and perform at normal production rates.

Dr. Goggin has treated Zoelle since at least 1999. His records document ongoing treatment for diabetes, depression, and chronic low back pain. On June 15, 2008, Dr. Goggin also completed a physical capacities evaluation. His conclusions were similar to those of Dr. Naum in that he opined that Zoelle could stand for no more than 5 minutes at a time for a total of no more than two hours per work day and could walk for one-half an hour at a time for a total of no more than one hour per day. He reported that Zoelle could sit for "less than 5 minutes at a time." (Tr. 236). Dr. Goggin also concluded that Zoelle could lift up to 10 pounds, but only rarely in the course of a work day, and could not bend, squat, crawl, or climb ladders.[1] He did specifically note, as did Dr. Naum, that Zoelle was unable to reach above his shoulder level.

On April 12, 2004, Dr. Goggin wrote the following note to the Guernsey County Jobs and Family Services:

> May work for food stamps. Light duty. No walking, bending or
> lifting.

(Tr. 241). In 2004, the food stamp program required recipients to perform limited amounts of work,

---

[1]He did believe that Zoelle could occasionally climb stairs.

if such persons were physically able.  The amount of work required was approximately forty hours per month, or about 9.2 hours per week.  *See* www.ohiolegalservices.org/public/legal_problem/public-benefits/food/food-stamps/qandact_view.   The Commissioner does not dispute this fact.

Dr. Fern, a psychiatrist and treating physician, diagnosed the plaintiff with depression and antisocial disorder.  Dr. Fern completed a mental residual functional capacity evaluation.  He described Zoelle "extremely" impaired in his ability to accept instruction or criticism from a supervisor with "marked" impairment of ability to relate to the general public or maintain socially appropriate behavior.  (Tr. 304).  Dr. Fern also noted "marked" impairment of Zoelle's ability to perform and complete tasks, cooperate with others, or perform at expected production levels.  He also noted extreme impairment of the plaintiff's ability "to behave predictably, reliably and in an emotionally stable manner."  (Tr. 305).  Dr. Fern concluded:

> Unlikely given his diagnosis and history that he would maintain
> gainful employment.  (Tr. 306).

The Administrative Law Judge ("ALJ") rejected the opinions of the three physicians, and concluded that "they are clearly not well-supported by review of the evidence in its entirety and certain discrepancies undermine their credibility."  (Tr. 34).  For the reasons that follow, this conclusion is not supported by the record insofar as the ALJ reviewed the evidence.

As to Dr. Goggin, the ALJ erroneously concluded that, because the physician certified Zoelle for food stamp work, Goggin contradicted his opinion that the plaintiff was disabled.  Dr. Goggin indicated in the certification that the plaintiff could not walk, bend or lift. The work involved was substantially less than full time.  The ability to work 9.2 hours a week with no walking, bending or lifting is not indicative of ability to work full time by a claimant

with an 8th grade education and a history of only construction work.

As to Dr. Naum, the ALJ stated the plaintiff himself contradicted Naum's conclusions. The ALJ stated that Zoelle testified that he could "do work over the shoulder level." In fact, the record contains no such testimony by Zoelle, meaning that Dr. Naum's finding that Zoelle could not do such work is uncontradicted. In a similar, selective vein, the ALJ claimed that plaintiff could lift twenty to twenty-five pounds and climb steps, while, according to the ALJ, Dr. Naum indicated that he could lift only ten pounds and could not climb stairs. In fact, Dr. Naum's report indicated that Zoelle could lift ten pounds "in a 8 hour day," not that the plaintiff could only lift this amount as a maximum weight on a single occasion. Similarly, plaintiff testified only that he could climb a single flight of stairs, which is not the same as regular climbing on a worksite.

The ALJ also noted that Dr. Naum described the plaintiff's back condition as "stable with medication." (Tr. 35). This comment, in a progress note, does not indicate if the condition, as stabilized, was or was not disabling. Only two months later, on March 23, 2005, Dr. Naum noted that Zoelle was "in a lot of pain . . . pain meds not cutting this pain."

As to Dr. Fern, the ALJ concluded that the findings reported on the mental residual functional capacity assessment were at variance with the progress notes and the plaintiff's testimony. The ALJ then noted that the plaintiff reported on March 21, 2005 that he had no depression or suicidal ideation.

It is in regards to this purported finding by the ALJ that the failure to adequately consider and assess the opinions of the treating physicians becomes most obvious. The ALJ referenced Dr. Fern's progress notes of March 21, 2005 as noting that the plaintiff "reported no

5

depression or suicidal ideation and that, while he had 'a bit of irritability,' it was to a lesser degree than in past years." (Tr. 35). This statement is the entire summary of a progress note said to be in conflict with Dr. Fern's assessment of total disability. The progress note includes a finding that "His ADHD [attention deficit hyperactivity disorder], however, is quite disabling." (Tr. 307).

On November 20, 2005, Dr. Fern noted the anti-depressant, Sinequan, was working effectively. On March 20, 2006, Dr. Fern noted that plaintiff was experiencing sustained improvement. Plaintiff contends that by the time Dr. Fern made his mental health assessment in May of 2005, he had been disabled for more than two years, potentially entitling him to a closed period of disability benefits, were the Commissioner to determine that the later reports by Dr. Fern showed sufficient improvement to rule out total disability, This issue was not addressed by the Commissioner and should be reconsidered on remand.

In summary, the opinions of the three treating physicians were improperly analyzed with insufficient deference. The Commissioner has not provided a sufficient basis upon which to reject their conclusions. The Court notes that other, non-treating medical experts have provided contrary opinions. On remand, the Commissioner shall, of course, consider such contrary testimony, the objective medical evidence and all other matters relevant to a full and fair determination of this claim.

6

### III.

This case is **REMANDED** to the Commissioner pursuant to 42 U.S.C. 405(g) to redetermine whether Leo R. Zoelle is entitled to disability benefits.  The Commissioner shall also address whether the plaintiff has established entitlement to a closed period of eligibility.  This case is **DISMISSED**.

**IT IS SO ORDERED.**

9-27-2010
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

7